UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
JACOBA SANTANA DE BIDO,

              Plaintiff,

     -against-

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

             Defendant.
---------------------------------------------------x

**MEMORANDUM AND ORDER**
15-CV-00946 (FB)

*Appearances:*
*For the Plaintiff:*
TERRY I. KATZ, ESQ.
900 Merchants Concourse, Suite 210
Westbury, New York 11786

*For the Defendant:*
ROBERT L. CAPERS, ESQ.
United States Attorney
CANDACE SCOTT APPLETON, ESQ.
Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

     Jacoba Santana De Bido ("De Bido") seeks review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability benefits under the Social Security Act. Both parties move for judgment on the pleadings. Because the ALJ did not accord the treating physician's opinion proper weight and erred in his credibility determination, the RFC is not supported by substantial evidence. De Bido's motion is granted insofar as the case is remanded for

further proceedings. The Commissioner's motion is denied.

# I.

On May 21, 2012, De Bido filed an application for Disability Insurance Benefits. De Bido alleged disability as of February 2, 2012 because of a hernia in her lower extremities and arthritis. After the Social Security Administration ("SSA") denied her application, De Bido had a hearing before an Administrative Law Judge ("ALJ"), who also denied her benefits.

In a written decision issued on September 12, 2013, the ALJ concluded that De Bido was not disabled. Applying the familiar five-step evaluation process,[1] the ALJ first determined that De Bido had not engaged in substantial gainful activity since February 2, 2012, the alleged onset date. Second, the ALJ found that she suffered from "lumbar disc herniation, status-post repair of incarcerated ventral hernia, and hypertension," AR 24,[2] which the ALJ also found to be "severe impairments." *Id*.

---

[1]SSA regulations establish a five-step process for evaluating disability claims. The Commissioner must find that a claimant is disabled if she determines "(1) that the claimant is not working, (2) that he has a 'severe impairment,' (3) that the impairment is not one that conclusively requires a determination of disability, [] (4) that the claimant is not capable of continuing in his prior type of work, [and] (5) there is not another type of work the claimant can do." *Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002) (citing 20 C.F.R. § 404.1520(b)-(f)). The burden of proof is on the claimant in the first four steps, but shifts to the Commissioner at the fifth step. *See* 20 C.F.R. § 404.1560(c)(2); *Shaw v. Chater,* 221 F.3d 126, 132 (2d Cir. 2000).

[2]All citations to "AR" are to the Administrative Record.

Third, the ALJ determined that her impairments did not meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Next, the ALJ found that De Bido had the residual functional capacity ("RFC") to perform a full range of light work, including the ability to lift or carry 20 pounds occasionally, and 10 pounds frequently. Additionally, De Bido could sit, stand, or walk for six hours, each, in an eight-hour workday. *See* AR 25. Applying that RFC to the remaining steps, the ALJ ruled that De Bido could perform her past relevant work as a salad preparer.

The Appeals Council subsequently denied De Bido's request for review, rendering final the Commissioner's decision. She timely sought judicial review.

**II.**

In reviewing a final decision of the Commissioner, a district court must determine whether the SSA's conclusions were "supported by substantial evidence in the record and were based on a correct legal standard." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

De Bido argues that the ALJ improperly discredited the opinion of her treating neurological physician and erroneously discounted her credibility when testifying about her symptoms.

3

## A. Treating Physician's Opinion

"[T]he opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (quoting 20 C.F.R. § 404.1527(c)(2)).

Doctors Enrique Malamud, a general physician, and Teresella Gondolo, a neurologist, have treated De Bido's impairment-related complaints since August 20, 2012. Dr. Malamud observed that De Bido suffered from leg and back pains and had difficulty walking unaided. *See, e.g.*, AR 328-29. Additionally, Dr. Gondolo conducted multiple tests, including an MRI and EMG, and determined that De Bido had lower lumbar disc herniations and disc bulges. *See* AR 333-34, 388-89.

On February 19, 2013, Dr. Gondolo submitted a disability questionnaire describing De Bido's impairments, stating, amongst other things, that: (1) she had lumbar radiculopathy, which caused pain in her left leg and lower back; (2) she experienced a 9-10 level of pain; (3) she could only sit, stand, or walk each for an hour throughout an eight-hour work day; (4) she could only lift and carry no more than five pounds, occasionally; and (5) she could not perform work that involved pushing, pulling, kneeling, bending, or stopping. *See* AR 292-96. Had the ALJ accorded Dr. Gondolo's opinion controlling weight, De Bido would have been found disabled

because she would not have the RFC to perform even sedentary work. *See* 20 CFR § 404.1567 (defining physical exertion requirements).

The ALJ stated that it rejected Dr. Gondolo's February 19, 2013 opinion because it was "largely unsupported by the record and controverted by Dr. Gondolo's examination findings from September 24, 2012 and the examination by the consultative examiner, [Dr. Marilee Mescon]." AR 26. He noted that De Bido saw "neurologist Dr. Gondolo only once and was sent for therapy." *Id.*

First, the ALJ's reasoning that Dr. Gondolo's opinion was based on one visit is not supported by the record. De Bido had a collective seven visits to Drs. Malamud and Gondolo between August 2012 and March 2013. Dr. Gondolo sent De Bido for several exams and conducted follow-up visits, *see* AR 297, 333, 390, and Dr. Malamud persisted in following–up with Dr. Gondolo on her tests and observations of De Bido. *See* AR 328, 329. Dr. Gondolo's opinion should not have been discredited as a merely cursory relationship with De Bido.

Moreover, a substantial portion of the record supports Dr. Gondolo's opinion. For example, Dr. Mescon, the consultative examiner, found that De Bido had a "limping gait. . . due to left lower quadrant pain," AR 276, and observed that her capacity to "climb, push, pull, or carry heavy objects" would be "moderately to severely limited" because of her impairment. AR 278. Additionally, the treatment notes of Dr. Malamud lend additional support to Dr. Gondolo's opinion. *See* AR 328. ("The

5

MRI of her lumbar spine show[s] several disc compression [sic] and spinal stenosis...There was physical therapy with very limited improvement.").

On remand, the ALJ should consider whether Dr. Gondolo's opinion is entitled to controlling weight. *See* 20 C.F.R. 416.927(c)(2) ("If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) . . . is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight."). In the event he determines it is not, the ALJ must analyze what weight Dr. Gondolo's opinion is entitled to under the factors outlined in 20 C.F.R. § 416.927(c) when refashioning his determination of whether De Bido is disabled. The ALJ should develop the record to the extent necessary to sufficiently assess Dr. Gondolo's medical opinion. *See also Kohler v. Astrue*, 546 F.3d 260, 268-69 (2d Cir. 2008) (remanding to the ALJ because, *inter alia*, the ALJ failed to consider all the evidence possibly material to the claimant's disability determination).

**B. Credibility**

To evaluate credibility, an ALJ must determine whether the claimant has a medically determinable impairment that could reasonably be expected to produce his symptoms and then, evaluate the intensity, persistence and limiting effects of those symptoms. *See* 20 C.F.R. §404.1529(b)-(c). A plaintiff's allegations of pain and functional limitations are "entitled to great weight where. . . it is supported by objective medical evidence." *Simmons v. U.S. R.R. Ret. Bd.*, 982 F.2d 49, 56 (2d Cir.1992)).

However, the ALJ "is not required to accept [a plaintiff's] subjective complaints without question; he may exercise discretion in weighing the credibility of the [plaintiff's] testimony in light of the other evidence in the record." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir.2010) (citation omitted).

An ALJ must consider seven factors when a claimant's subjective complaint suggests greater severity than can be shown by objective medical evidence:

> (i) claimant's daily activities; (ii) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (iii) precipitating or aggravating factors; (iv) the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate pain or other symptoms; (v) treatment, other than medication, the claimant receives or has received for relief of pain or other symptoms; (vi) any measures the claimant uses or has used to relieve pain or other symptoms; and (vii) other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms. *See* 20 C.F.R. § 404.1529(c)(3).

The ALJ found that although "claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms[]. . .the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." AR 26.

In weighing De Bido's credibility, the ALJ noted that she complained of "a lot of pain in the back, in the hips, problem with her leg after an operation. . .that prevented her from bending over well (hard to wash feet)," *id.*, but contrasted those complaints with her living activities, which included "spending time at the house, fixing the bed

7

after getting up, cleaning dishes and making coffee. . . . [S]he would also watch TV and study citizenship papers in Spanish." *Id.* The ALJ focused primarily upon De Bido's activities of daily living to determine that she is capable of performing full-time work at the light, exertional level.

While, the Court does not require a "slavish recitation of each and every factor where the ALJ's reasoning and adherence to the regulation are clear," *see Halloran*, 362 F.3d at 31–32, the ALJ's reasoning and adherence to the regulations were not clear. Although the ALJ discussed De Bido's activities of daily living, this is all he essentially relied upon in making his credibility determination. Remand is required for a proper evaluation of De Bido's credibility in accordance with the § 404.1529(c)(3) factors.

### III.

For the foregoing reasons, De Bido's motion is granted insofar as the case is remanded for further proceedings, and the Commissioner's motion is denied.

**SO ORDERED.**

  /S/ Frederic Block  
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
May 3, 2016